UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>UNION TRUST PHILADELPHIA LLC<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 11-12565 (MDC) |

## ORDER

AND NOW, this _____ day of _____ 2011, upon consideration of the Motion of TD Bank, N.A. ("TD Bank") for Adequate Protection (the "Motion") and any response thereto and after having found that the moving party holds an allowed, secured claim and is entitled to adequate protection, it is hereby

ORDERED that the Motion is GRANTED, and it is further

ORDERED that Union Trust Philadelphia LLC (the "Debtor") is directed to (i) begin making monthly payments to TD Bank, N.A. on account of the Debtor's secured obligations to TD Bank, N.A., (ii) grant TD Bank, N.A. replacement liens in all of Debtor's assets acquired as a result of the Debtor's use of TD Bank's cash collateral, and (iii) make monthly rental payments to TD Bank, N.A. as adequate protection of TD Bank's secured interest in property of the Debtor's estate.

BY THE COURT:

_____
Magdeline D. Coleman,
United States Bankruptcy Judge

B # 1358335 v.1

cc: Kevin P. Callahan, Esq.
    U.S. Trustee's Office
    The Curtis Center
    833 Chestnut Street, Suite 500
    Philadelphia, PA 19107

    Paul J. Winterhalter, Esquire
    Law Offices of Paul J. Winterhalter, P.C.
    1717 Arch Street, Suite 4110
    Philadelphia, PA 19103-3629

    Paul A. Patterson, Esq.
    Mark J. Dorval, Esq.
    Stradley Ronon Stevens & Young, LLP
    2600 One Commerce Square
    Philadelphia, PA 19103-7098

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> UNION TRUST PHILADELPHIA LLC <br><br> Debtor. | CHAPTER 11 <br><br> CASE NO. 11-12565 (MDC) |

**MOTION OF TD BANK, N.A. FOR**
**ADEQUATE PROTECTION**

TD Bank, N.A. ("TD Bank") hereby moves this Court for an order requiring the Debtor to pay TD Bank adequate protection. In support of this motion, TD Bank states the following:

**JURISDICTION**

1.  On March 31, 2011 (the "Petition Date"), Union Trust Philadelphia LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  Since the Petition Date, the Debtor has continued to possess its assets and operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.  This is a core proceeding, arising under 11 U.S.C. § 503(a) and (b), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), 1334 and 157(b)(2)(M) and (O).

**BACKGROUND**

4.  On or about August 27, 2008, TD Bank entered into a loan transaction with Chestnut Restaurant Ventures, LLC ("CRV") pursuant to which CRV executed a Promissory Note (the "Note") and a Loan and Security Agreement (the "Loan Agreement").

1

5. Pursuant to the terms of the Note and the Loan Agreement, TD Bank agreed to make loans and extensions of credit to CRV up to and including the maximum amount of five million dollars ($5,000,000), and CRV agreed to repay TD Bank.

6. In addition to other consideration, on August 27, 2008, CRV executed an all asset security agreement in which CRV granted TD Bank a security interest in all of its assets (the "CRV Security Agreement").

7. CRV defaulted under the terms of the Loan Agreement and Note by, among other things, failing to make payments to TD Bank as and when due. As a result of the defaults, TD Bank entered judgment against CRV on or about June 22, 2010.

8. While in default of the terms of the Loan Agreement and Note, CRV transferred all of its assets and operations to the Debtor. This transfer was also a default under the Loan Agreement and the CRV Security Agreement.

9. In consideration of TD Bank's forbearance from execution on its judgment or further pursuit of its remedies, and in recognition that all of the assets transferred from CRV to the Debtor were subject to the lien of TD Bank, on October 31, 2010, the Debtor agreed to provide security for the Note and the Loan Agreement by executing a Surety and Guaranty Agreement (the "Guaranty") in favor of TD Bank, pursuant to which the Debtor guaranteed the unconditional and prompt payment of all amounts due from CRV under the Note and the Loan Agreement. The Debtor also executed an all asset security agreement on October 31, 2010 (the "Security Agreement") pursuant to which the Debtor granted TD Bank a security interest in all assets of the Debtor.

10. Pursuant to the terms of the Guaranty, the Debtor "guarantee[d] and bec[a]me surety for the unconditional and prompt payment and performance to [TD Bank] of all

of the Obligations (as defined in the Loan Agreement, as defined below) of [Chestnut Restaurant Ventures] to [TD Bank]."

11. CRV has failed and refused to make payments to TD Bank that are due and owing in the amount of $4,860,088.48 (the "Amount Past Due").

12. Despite the Guaranty, the Debtor has not made any payments to TD Bank for any amounts due and owing by CRV under the Note and Loan Agreement.

13. Notwithstanding TD Bank's entitlement to payment of all amounts due and owing, which as of April 12, 2011, is $4,860,088.48, plus accruing late charges, interest, attorneys' fees and costs, the Debtor has not made any payments to TD Bank.

14. While the Debtor continues to operate its business, it still refuses to make payments to TD Bank. In fact, no payments have been made on the Amount Past Due since December 2009. As such, TD Bank's security interest in all of the assets of the Debtor is not being adequately protected.

15. Moreover, upon information and belief, the Debtor continues to use TD Bank's cash collateral. TD Bank does not consent to the use of its cash collateral.

## GROUNDS FOR RELIEF

16. The Debtor is obligated to repay the Amount Past Due to TD Bank.

17. Section 361 of the Bankruptcy Code states that, when adequate protection is required, such adequate protection may be provided by, (i) requiring the trustee to make periodic cash payments, (ii) providing additional or replacement liens, or (iii) granting such other relief as will result in the realization of the indubitable equivalent of such entity's interest such property.

18. To date, the Debtor continues to operate its business without providing adequate protection to TD Bank. The Debtor has not yet addressed its use of TD Bank's cash

collateral, which is being used without TD Bank's consent, nor has it addressed the need for the Debtor to grant TD Bank replacement liens.

19. Adequate protection requires the Debtor to propose some form of relief that will preserve TD Bank's interest in the assets of the Debtor (the "Property"). See In re Briggs Transportation Co., 780 F.2d 1339, 1344 (8th Cir. 1985). A secured creditor should not be deprived of the benefit of its bargain and adequate protection insures that the secured creditor receives in value essentially what it bargained for. Id. at 1345 (citing American Mariner 734 F.2d 426, 431 (9th Cir. 1984) (citing H.R. Rep. No. 595 at 339, 1978 U.S. Code Cong. & Ad. News at 6295)).

20. TD Bank is a secured creditor. As such, TD Bank is entitled to adequate protection pursuant to § 362(c)(2) and (e) of the Bankruptcy Code. The Debtor is not providing adequate protection. In fact, TD Bank has received no payments from the Debtor from the date that it obtained the assets of CRV to the present. Moreover, the Debtor has not sought this Court approval for the use of cash collateral and the granting of replacement liens. At the same time, the Debtor has not suggested that TD Bank has an equity cushion in the assets of the Debtor and is unable to show that TD Bank is adequately protected.

21. When the amount of the debt exceeds the value of the collateral, the Debtor's use of the income from the Property further decreases the value of the collateral. In re Griswold Building, LLC, 420 B.R. 666, 699 (Bankr. E.D. Mich. 2009). The Debtor must provide adequate protection for the continued use of its assets in which TD Bank is secured. See id. at 699-700 (any decrease in the value of the collateral must be protected by cash payments from another source....) (citing In re Willowood East Apartments of Indianapolis II, Ltd., 114 B.R. 138, 145 (Bankr. S.D. Ohio 1990); see also In re R&G Properties, Inc., 2009 WL 2043875, Civ. A. No. 08-10876 (Bankr. D. Vt. July 6, 2009) (same).

22. If the Debtor is currently unable to repay the Amount Past Due, it should be required to make monthly payments to TD Bank until it is able to address how it will repay the Amount Past Due in full. The Debtor must also be required to provide TD Bank with replacement liens if it is using TD Bank's cash collateral. Currently, TD Bank is not being provided any adequate protection for its secured interest as required by the Bankruptcy Code.[1]

WHEREFORE, TD Bank respectfully requests that the Court enter an order requiring the Debtor to repay the Amount Past Due, plus any additional costs and fees permitted under the Loan Documents or, in the alternative, require the Debtor to provide TD Bank with adequate protection in the form of (i) monthly payments on the Amount Past Due, (ii) replacement liens on all of the Debtor's assets to the extent of the use of TD Bank's cash collateral, and (iii) monthly rental payments and such other and further relief as this Court deems just.

STRADLEY RONON STEVENS & YOUNG, LLP

Dated: April 12, 2010

By:/s/ Mark J. Dorval
Paul A. Patterson, Esquire
Mark J. Dorval, Esquire
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000  Phone
(215) 564-8120  Fax
mdorval@stradley.com

Attorneys for TD Bank, N.A.

---

1    Moreover, the Debtor is a tenant of WSC 717 Associates, L.P., also a debtor in a separate bankruptcy case, 11-12567. Pursuant to a rent notice letter sent to the Debtor in 2010, the Debtor is required to make monthly rental payments to TD Bank. The Debtor did not make the rental payment for April 2011.